**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Donna Mishler,

Plaintiff,

v.

APCOA/Standard Parking, Inc., and
Teamsters Local Union #120,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-1873 ADM/AJB

---

Joel Anderson, Esq., Joel Anderson & Associates, White Bear Lake, Minnesota, on behalf of the Plaintiff.
Michelle Mellinger, Esq., Seyfarth Shaw Fairweather & Geraldson, Chicago, Illinois, appeared for and on behalf of Defendant APCOA/Standard Parking, Inc..
Martin Costello, Esq., Hughes & Costello, St. Paul, Minnesota, appeared for and on behalf of Defendant Teamsters Local Union #120.

---

## I. INTRODUCTION

Defendants move to dismiss [Doc. No. 5-1; 10-1] Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted. Plaintiff claims that Defendants: (1) violated the Minnesota Human Rights Act ("MHRA"); (2) violated the Americans With Disabilities Act ("ADA"); (3) violated Title VII of the Civil Rights Act of 1964 ("Title VII"); (4) violated the Labor Management Relations Act ("LMRA"); (5) violated the Minnesota Review of Personnel Records Act ("MRPRA"); (6) invaded Plaintiff's privacy; (7) defamed Plaintiff; and (8) tortuously interfered with Plaintiff's contract.[1] The matter was submitted on the record and the parties' memoranda in support of and in opposition to the motion on October 17, 2000. For the reasons set forth below, Defendants' motion is granted.

---

[1] Plaintiff's Complaint additionally contains a Count IX, which alleges violation of the Minnesota Whistleblower statute.

FILED 10-23-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD 10-23-00
DEPUTY CLERK

## II. DISCUSSION

Donna Mishler ("Plaintiff") filed her Complaint[2] against APCOA/Standard Parking, Inc., and Teamsters Local Union #120 ("Defendants") in Hennepin County District Court. The case subsequently was removed to this Court on August 8, 2000. A complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Kaylor v. Fields*, 661 F.2d 1177, 1180-81 (8th Cir. 1981) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In Count I, Plaintiff claims that Defendants violated § 363.03(7) of the MHRA "as a result of a discharge of the Plaintiff for filing a workers' compensation claim." Complaint, at 3. Because the MHRA does not prohibit retaliation based upon the filing of a workers' compensation claim, Plaintiff fails to state a claim for which relief may be granted. *See* M.S.A. § 363.03 *et seq*. Plaintiff also claims in Count I that Defendants violated the MHRA by discharging her on account of her disability. However, Plaintiff failed to allege any specific qualifying disability in her Complaint. Plaintiff merely alleged "lingering disabilities involving her leg." Complaint, at 1. Plaintiff's allegation is insufficient to establish that she is a "disabled" person protected by the MHRA, as defined by M.S.A. § 363.01(13). Count I further alleges discriminatory demotion based on race and gender in violation of the MHRA. Pleadings must not be conclusory and must set forth facts that state a claim as a matter of law. *See A.J. by L.B. v. Kierst*, 56 F.3d 849, 854 (8th Cir. 1995); *Nickens v. White*, 536 F.2d 802, 803 (8th Cir. 1976).

---

[2] Because the paragraphs are not numbered, references to Plaintiff's Complaint are based on numbering the pages beginning with the captioned page as page 1.

Plaintiff's claim is insufficient because she fails to allege any factual basis for her race and gender discrimination claim. Plaintiff's Complaint merely alleges that "Teamsters representative Brad Slawson, Jr. replaced Plaintiff as the elected Steward for reasons involving her national origin and sex on or about 2/98." Complaint, at 2. Such barren allegations do not provide a sufficient factual basis for a discriminatory demotion claim. Furthermore, the claim is barred by the MHRA statute of limitations because the alleged act occurred "on or about 2/98" and Plaintiff filed her Complaint in July 2000. Thus, Count I must be dismissed for failure to state a claim upon which relief can be granted.

Count II of Plaintiff's Complaint alleges a violation of the ADA. However, Plaintiff failed to exhaust her administrative remedies. Section 2000e-5 requires an aggrieved party to file, within 180 days of the alleged discriminatory practice, a charge with the Equal Employment Opportunity Commission ("EEOC") and receive a "right to sue" letter before bringing an action against the respondent named in the charge. *See* 42 U.S.C. § 2000e-5. Plaintiff neither alleges that she timely filed a charge of disability discrimination with the EEOC nor produces a "right to sue" letter issued by the EEOC. Because Plaintiff failed to exhaust the administrative procedures required for an employment discrimination claim under the ADA, Count II must be dismissed.

Plaintiff alleges in Count III that Defendants violated Title VII for "retaliation in terminating her due to her claim for workers' compensation benefits." This claim fails because Title VII does not protect such activity. *See* 42 U.S.C. § 2000e-2 *et seq*. Count III further alleges that Defendants violated Title VII by terminating her "as a result of her physical disability." This allegation fails to state a claim because, as discussed *supra*, Plaintiff failed to exhaust administrative remedies under the ADA. Finally, Count III alleges a violation of Title VII "as a

result of Plaintiff's demotion from her position as Union Steward on the basis of Race and Gender." Complaint, at 4. Plaintiff fails to demonstrate that she satisfied the administrative prerequisites before pursuing a Title VII claim. *See* 42 U.S.C. § 2000e-5. Count III must be dismissed for failure to state a claim.

Plaintiff's contract claims in Counts IV and VIII are preempted by § 301 of the LMRA because they involve interpretation of a collective bargaining agreement, the parties' intentions in entering such agreement, and the process for resolving disputes under such agreement. *See* 29 U.S.C. § 185; *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U S. 1, 23-24 (1983); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 211-12 (1985). Plaintiff has failed to allege any facts that demonstrate she exhausted any grievance and arbitration remedies in the collective bargaining agreement or the union breached its duty of fair representation. *See Republic Steel Corp. v. Maddox*, 379 U.S. 650, 653 (1965); *DelCostello v. Int'l. Bhd. of Teamsters*, 462 U.S. 151, 163-64 (1983). Absent such facts, Plaintiff cannot state a claim for which relief can be granted under the LMRA.

In Count V, Plaintiff claims that Defendants violated the MRPRA by a "failure to allow inspection of employee records." Complaint, at 4. However, Plaintiff fails to allege that she made a written request to review her personnel file and was denied that right by Defendants, as required by the MRPRA. *See* M.S.A. § 181.961(1). Because Plaintiff again has failed to state a legally sufficient claim, Count V must be dismissed.

Plaintiff's Count VI claims that Defendants violated her right of privacy by "Publication of Private Matters which are considered harmful and offensive to a reasonable person and not a matter of legitimate public concern." Complaint, at 5. Such an allegation is insufficient as a

matter of law because Plaintiff fails to identify specifically what private matters allegedly were published by Defendants. *See C.L.D. v. Wal-Mart Stores, Inc.*, 79 F. Supp.2d 1080, 1084 (D. Minn. 1999) (tort of publication of private facts requires specific allegations that private facts were disclosed "in the media or in any other form accessible to the population at large"). Count VI fails to state a claim upon which relief can be granted.

In Count VII, Plaintiff claims defamation, alleging that Defendants made "false statements" that were "communicated to others." Complaint, at 5. To state a claim for defamation, "the specific words complained of must be set forth, as well as who made the statement, to whom it was made, and where." *Lilligren v. Midwest Comm., Inc.*, Case No. 4-88-881, 1989 WL 165241, at *4 (D. Minn., Oct. 25, 1989); *see also Moreno v. Crookston Times Printing Co.*, 610 N.W.2d 321, 326 (Minn. 2000) (requiring defamatory matter to be "set out verbatim" in the complaint). Plaintiff's bare allegation that false statements were made is insufficient to state a claim for defamation.

Count IX alleges a violation of the Minnesota Whistleblower statute. *See* Complaint, at 5. Defendants did not address this claim in their Motion to Dismiss. Nevertheless, this Court lacks subject-matter jurisdiction over Plaintiff's claim based on the Minnesota Whistleblower statute because the Court has neither federal question jurisdiction nor diversity jurisdiction. Because all other claims in Plaintiff's Complaint have been dismissed, the Court declines to exercise supplemental jurisdiction over this state law claim.

## III. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) Defendants' Motion to Dismiss [Doc. No. 5-1; 10-1] is **GRANTED**.

(2) Counts I, II, III, IV, V, VI, VII, VIII and IX of Plaintiff's Complaint are **DISMISSED** without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

BY THE COURT:

Ann Montgomery

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: October 23, 2000

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:**

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*